Dear Mr. Wirtz:
We are in receipt of your request for an Attorney General's opinion regarding the commission of a notary public. Specifically, you have requested our opinion on the following question:
 May a newly licensed attorney, who is applying for a notarial commission, request that the Office of the Secretary of state issue the commission for any parish, regardless of the residence of the attorney; or, do the provisions of LSA-R.S. 35:191
(A) direct the Office of the Secretary of State to issue the commission for the parish of the attorney's residence while R.S. 35:191 (P) expands notarial jurisdiction so that it exists statewide?
Your letter of request states that you believe there is a discrepancy between our earlier opinion, Number 92-583 and the Secretary of State's interpretation of the provisions of LSA-R.S.35:191 (A) and (P), in that you believe that all notary publics must first be commissioned in the parish of their residence, including attorney-notary publics. While we agree with your interpretation of the law, we do not find a discrepancy in our earlier opinion, which we will explain hereafter.
LSA-R.S. 35:191 (A) states:
 A. Any resident citizen of the state, eighteen years of age or older, may be appointed a notary public in and for the parish in which he resides
and in and for any one other parish in which he maintains an office; provided, however, that he meets the requirements established by law for each parish in which he applies. (emphasis added).
LSA-R.S. 35:191 (P) states:
 P. Notwithstanding any other provision of law to the contrary, each person who is licensed to practice law in this state who is a notary public in and for any parish in this state may exercise the functions of a notary public in every parish in this state. The expanded jurisdictional limits authorized by the Subsection are additional to other provisions of law. No additional bonding or further application or examination shall be required due to the expanded jurisdictional limits authorized by this Subsection. (emphasis added).
The language of paragraph (P) is directed to an attorney who isin fact a notary public in any parish of this state. This begs the question of how an attorney obtains his notarial commission in the first instance. LSA-R.S. 35:191 (C)(2) provides, in pertinent part:
 C. Each applicant, otherwise qualified, may be appointed a notary public in and for a parish upon meeting all of the following conditions:
 (1) Submitting an application to be appointed a notary public to the appropriate district court together with a certificate establishing his age, residence, location of his office when the applicant seeks to be appointed a notary based on such office, location of the office which was the basis for a current appointment as a notary in any other parish, if any, and a statement as to the applicant's good moral character, integrity, competency, and sober habits, sworn to and subscribed by two reputable citizens of the parish.
 (2)(a) Taking and passing a written examination administered by an examining committee . . .
* * *
 (e) The examination provided for in this Paragraph may be dispensed with by the court if the applicant has been duly admitted to practice law in this state or holds a valid notarial commission in this state. (emphasis added).
While a duly licensed attorney may be exempt from taking an examination to obtain his notarial commission, he is not exempt from the provisions which require that applicants submit an application for the appointment together with a certificate establishing their age and residence. The requirement in paragraph (A), that a citizen may be appointed a notary public inand for the parish in which he resides, applies to all applicants. The difference is that a notary must re-apply for the right to perform notarial services in an additional parish in which he maintains an office, while an attorney need only apply for his commission one time in order to perform the same services state-wide. R.S. 35:191 (P), as your letter points out, expands the jurisdiction of an attorney to be able to perform notarial services state-wide.
Our earlier opinion, Attorney General Opinion No. 92-583, concluded that "a notary applicant must first be commissioned in the parish of his residence before obtaining a commission in any other parish in which he maintains an office; with the exception of a person licensed to practice law, who has statewide notarial jurisdiction." Apparently, some have viewed this opinion as meaning that an attorney does not have to be commissioned in the parish of his residence, but may be commissioned in any parish of his choice. The crux of our earlier opinion was to address whether a notary applicant has to be commissioned in his parish of residence before being allowed to obtain a commission in any other parish in which he has an office. As discussed earlier, an attorney need only apply once in order to obtain a notarial commission with state-wide jurisdiction; however, the fact remains that an application must establish the person's residence, and therefore, an attorney may not apply for a notarial commission in any parish of his choice, but rather only in the parish of his residence. Therefore, we find our earlier opinion to be correct and coinciding with our opinion today.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
______________________________ ANGIE ROGERS LaPLACE Assistant Attorney General RPI/ARL/pb
cc: Honorable W. Fox McKeithen Mr. Cheney Joseph